## COLUMBUS RY. v. PATRICK J. CONNOR.

1. MANNER IN WHICH STREET CAR IS EQUIPPED MAY BE SHOWN, WHEN.

To support the claim that a street car was operated negligently, the manner in which the car is equipped may be shown in the examination in chief, for the purpose of determining the speed with which it could be run with safety to the public.

2. EVIDENCE AS TO TIME WITHIN WHICH CARS CAN BE STOPPED, PROPER, WHEN.

It is competent to prove in chief by an expert witness, that other cars differently equipped could be stopped in a shorter distance and time than the car which ran over plaintiff, in order to demonstrate that the latter could not be safely run at as high a rate of speed as other cars better equipped; and on cross-examination, evidence of the same character is competent for the purpose of testing the expert knowledge of the witness.

3. EVIDENCE THAT OTHER CARS WERE BETTER EQUIPPED, INCOMPETENT.

Evidence that other cars on the same and other lines, better equipped than the car which ran over plaintiff, were in common use, is incompetent, when the defective equipment is not the negligence complained of.

4. EXPERT MUST HAVE KNOWLEDGE ON PARTICULAR SUBJECT.

A witness cannot testify as an expert as to the time and distance within which a particular street car could be stopped, when it is not shown that he had any experience with, or made any observation of the car in question, or one similarly equipped.

5. REQUEST FOR INSTRUCTION WHICH MISSTATES PLEADINGS PROPERLY REFUSED.

A request that a certain charge be given the jury is properly refused when it misstates the pleadings.

6. RULE OF CARE APPLICABLE TO INFANT MUST BE GIVEN TO JURY.

In an action by an infant against a street car company to recover for injuries suffered from being run over by a street car, a charge to the jury which defines the rule of care applicable to an ordinary prudent person, without referring to the infancy of the plaintiff, is properly refused.

7. COURT SHOULD GIVE OR REFUSE REQUESTS FOR INSTRUCTIONS WITHOUT COMMENT.

The proper practice is for the court to give or refuse special requests for instructions without qualification or comment. But where the court, after commenting on a charge which he refused to give, instructs the jury to disregard his comment, the error is cured.

8. WHAT SUFFICIENT PLEA OF CONTRIBUTORY NEGLIGENCE.

In an action for damages claimed to have resulted by reason of the negligent operation of a street car, an allegation in the answer, that "the plaintiff was negligent and therefore the defendant denies all right or claim of damages on the part of the plaintiff against it, by reason of the allegations contained in the amended petition," is in effect a plea of contributory negligence on the part of plaintiff.

9. CHARGE DEFINING CONTRIBUTORY NEGLIGENCE MISLEADING, WHEN.

A charge that "contributory negligence only ceases to be a defense if defendant could have avoided the injury by ordinary care," is misleading and

prejudicial; it should have been qualified by adding some such words as, "after the negligence of plaintiff had intervened."

10. SPEED ORDINANCE CONSTRUED

Where an ordinance does not fix a uniform rate of speed applicable at all times and places, but provides that it shall not exceed fourteen miles per hour including stops, it is permissible to run a part of the time at a speed greater than fourteen miles an hour, in order to make up the time lost in stopping; and the proper construction of such ordinance is, that it regulates the speed only to the extent that at the end of the run the car must not have exceeded the average of fourteen miles per hour.

11. EXCESSIVE SPEED NOT NECESSARILY NEGLIGENCE.

Whether the speed is excessive under such an ordinance depends in some degree upon the conditions affecting the public safety at the particular time and place in question. The mere fact that the speed exceeded fourteen miles per hour is not conclusive on the question of negligence, even though the speed of the car was the proximate cause of the injury. The proximate cause is not necessarily negligence.

12. MOTORMAN BOUND TO SEE PEDESTRIAN, WHEN.

A charge to the jury, in effect, that the motorman of a street car should have seen plaintiff on the track, if in the exercise of ordinary care he could have seen him in time to prevent the injury, may be proper owing to the circumstances.

13. CHARGE REQUIRING STREET CARS TO COME UP TO CERTAIN STANDARD, MISLEADING, WHEN.

In an action by a street pedestrian against a street car company to recover for injuries caused by the negligent operation of a street car, a charge to the jury which implies that the cars of a street railway company should at least come up to the standard of such as are in common use, and that the fender be the best that could be procured, is confusing and misleading because it too nearly defines the duty of the company as a common carrier to its passengers, instead of to pedestrians.

14. INFANT OVER FOURTEEN PRESUMED TO BE SUI JURIS, WHEN.

An infant over fourteen years of age is presumed to be *sui juris* in the sense that he is chargeable with negligence, but the measure of his capacity in that regard is a question for the jury.

15. NO FAIR TRIAL WHEN JURY VIEWS CASE THROUGH PASSION EXCITED BY COUNSEL.

A party cannot be said to have had a fair trial when the jury is required to view the case through an atmosphere of passion and prejudice, excited by the conduct of counsel. The fact of provocation, or that opposing counsel was also guilty of the same conduct, does not change this conclusion.

16. CHARGE OF UNPROFESSIONAL CONDUCT SHOULD NOT BE MADE IN TRIAL OF CASE.

A charge of unprofessional conduct against opposing counsel should not be made in the trial of a case, but in a proceeding specially instituted to inquire into the truth of the charge.

ERROR to Franklin common pleas court.

**Booth, Keating & Peters,** for plaintiff in error.

**J. J. Lentz** and **L. G. Addison,** for defendant in error.

## WILSON, J

This a proceeding in error to reverse a judgment below in the sum of $9,000, for personal injuries claimed to have been caused by the negligence of the plaintiff in error.

The issues were made by the amended petition, the amended answer thereto, and the reply which are filed as original papers in this court.

The amended petition charged ·that the accident, which resulted in the loss of a leg below the knee, was caused by the negligence of the defendant in the following particulars:

1.  That no warning or signal was given of the car's approach, when, contrary to a custom known to the plaintiff below, it was proceeding north on the west one of the two tracks on Fourth street immediately south of First avenue in the city of Columbus, Ohio.

2.  That the car was run at a dangerous and excessive speed which was in violation of the speed ordinance of the city.

3.  That the defendant made no effort to stop the car after the motorman saw the plaintiff in a perilous position,· or by the exercise of ordinary care could have seen him.

4.  That the fender on the car was out of order, and would not work automatically, contrary to, and in violation of an ordinance of the city.

The defendant's first defense to the amended petition was in nature of a general denial.

A second defense was pleaded in the following language:

"The plaintiff at the time he received the injuries stated in the amended petition and immediately prior thereto, was guilty of negligence and want of ordinary and proper care on his part, which directly caused his said injuries, as follows, to wit:

"That he negligently and carelessly went upon said west track immediately in front of said moving and approaching car, and negligently and carelessly remained on said track and failed to leave the same before he was struck by said car, although he saw and heard said moving car approaching him, or by the exercise of ordinary care he could have seen and heard said moving car approaching him, and by the exercise of ordinary care, he had ample time to have left said track before said moving car reached him, and thereby entirely escape from injury therefrom; and so the defendant denies all right or claim of damages on the part of the plaintiff against it by reason of the allegations contained in the petition."

The plaintiff replied denying the charges of negligence made against him.

. After the trial was had and verdict rendered a motion for a new trial was interposed, overruled, and judgment entered upon the verdict.

The contention of the plaintiff in error is that there was error:

Franklin County.

1. In the admission of incompetent, irrelevant and immaterial testimony offered by the plaintiff below.

2. In the exclusion of competent, relevant and material testimony offered by the defendant below.

3. In the refusal to instruct the jury as requested by the defendant before argument.

4. In the comments of the court made in the presence of the jury in the way of reasons for the refusal to so instruct the jury.

5. In the refusal to instruct the jury as requested by the defendant after argument.

6. In the instructions given to the jury after argument.

7. Misconduct of counsel for the plaintiff below.

8. Because the verdict was against the manifest weight of the evidence and excessive in amount and contrary to law.

Of these in their order:

(1) The objection goes in a general way to the evidence admitted for the purpose of proving how other cars on the same and other lines were better and differently equipped, and to the purpose for which, under the ruling of the court it was admitted; and in particular, to the expert opinion of the witness, Claude M. Collins, as to the time in which the car which caused the injury could have been stopped.

It was competent to prove in chief in what manner the car in question was equipped for the purpose of determining the speed with which it could be run with safety to the public—that being determined by the distance and time within which it could be stopped, depending upon the equipment.

It was also competent to prove by a witness qualified to testify as an expert that other cars differently equipped could be stopped in a shorter distance and time, in order to demonstrate that this car could not be safely run at as high a rate of speed as others better equipped. On cross-examination evidence of this character was admissible for the further purpose of testing the expert knowledge of a witness.

But it was not competent, under the charges of negligence in the amended petition to admit testimony as was permitted by the trial court for the purpose of showing that other cars on the same or other lines, better equipped were in common use. That fact could not throw any light upon the question whether or not the defendant had been negligent in the operation of this particular car. It only reflected upon the right of the company to use the car at all, and that right was not challenged in the petition, except as to the fender. It opened up a wide

Railway v. Connor.

field for investigation to which the attention of the defendant was not called in the pleadings and which it had no reason to anticipate.

It was prejudicial to admit evidence of this character for that purpose.

We are also of the opinion that the witness, Claude M. Collins, did not qualify as an expert to testify within what time and distance this particular car as equipped could be stopped. It was not shown that he had ever had any experience with, or made any observations of, a car similarly equipped. Cars and appliances are so multiform, and so graded in efficiency that upon a question so vital in the case, the expert opinion should be based on knowledge of this or similar cars similarly equipped.

(2) We find no error in the exclusion of evidence.

(3) The defendant requested the court to charge the jury before argument as follows:

(a) In determining whether or not the defendant was negligent, and whether or not its alleged negligence was the cause of the plaintiff's injuries, you are restricted, in considering and weighing the testimony, to the issues made by the pleadings. The pleadings which state the issues are the amended petition, the answer and the reply. The plaintiff is not entitled to a verdict against the defendant unless he has shown by a preponderance of all the evidence in the case that the defendant was negligent in one or more of the particulars stated in his amended petition, and that such negligence was the proximate cause of his injuries. Therefore, he is not entitled to a verdict on account of any defect in the car by which he was struck, if he did not allege such defect in his amended petition. He does not aver in his amended petition that there was any defect in the brake, the controller, or the device for cutting off the current of electricity by which the car was propelled or any other part or appliance of said car except the fender. He does not charge in his amended petition that the car was not equipped with a good and sufficient brake; nor does he charge that the brake was not in good condition. Therefore, he is not entitled to recover on account of the kind or condition of the brake used on that car; nor is he entitled to recover on account of the kind or condition of the controller, or the device for shutting off the electric current, on that car.

(b) If you find from the evidence that the plaintiff on the occasion mentioned in the amended petition failed to exercise such care and prudence as persons of ordinary care and prudence are accustomed to exercise under the same or similar circumstances, and if you further find from the evidence that such failure on his part to use ordinary care

was the proximate cause of the injuries which he received, he was guilty of negligence which will prevent any recovery of damages by him in this action.

(c) If the plaintiff was walking east or northeast towards the track on which the car was approaching, and if he heard, or by the exercise of ordinary care and prudence could have heard, the car approaching, either the sounding of the gong or the noise of the moving car, it was his duty to look and see what track it was on, and if he failed so to do he is not entitled to recover in this case, unless you find from the evidence that the motorman on the car knew, or had reason to believe, that the plaintiff, notwithstanding the noise of the car, or the sounding of the gong—if you find that it was sounded—was about to step on the track in front of the car, and did not, upon discovering the plaintiff's peril, use ordinary care to prevent injuring him. It was the duty of the plaintiff to look both ways for the approach of cars on the west track before stepping on the same, whether, before doing so, he was walking directly towards the track, or diagonally towards it, or parallel with it. If the plaintiff stepped on the track ahead of the car approaching from the south and started to walk north on that track, it was his duty, before stepping on the track to look both north and south for an approaching car, and if he continued walking north on the track, it was his duty from time to time to look behind him to discover whether or not a car was approaching from that direction; and he was not relieved of the duty to take such precaution by the fact that until shortly before the accident it was customary for north bound cars to run on the east track.

(d) If the motorman saw the plaintiff approach and enter upon the west track ahead of the car, and start to walk north between the rails of the west track, and thereupon sounded his gong so loudly and at such a distance from the plaintiff, that the plaintiff had sufficient time and opportunity to step off the west track and avoid danger, the motorman had the right to assume that he would do so, and, under such circumstances, it was not his duty to stop the car unless the plaintiff did not appear to hear or heed the warning; and if the warning was given in time to prevent injuring the plaintiff if he had heeded it, and if the motorman did not know, or have reason to believe, that he would not heed it, until too late to prevent injuring the plaintiff, the motorman was not guilty of negligence in not attempting to stop the car as soon as he saw the plaintiff entering upon the west track.

The first request misstates the pleadings upon which the issues in the case arise. There were both an answer and an amended answer filed

to the amended petition; the amended answer superseding the answer. The request refers to the answer only as together with the amended petition and reply making up the issues. Technically, therefore, it was not error to refuse the request.

The second request was properly refused for the reason it defines the rule of care applicable to the ordinarily prudent person, without reference to the infancy of the plaintiff.

Request three and four involve questions of fact which were referable to the jury.

(4) The proper practice is for the court to give or refuse the request without qualification or comment. While in the opinion of the court the reason given in the presence of the jury for the refusal of the first request was not sound, inasmuch as the court instructed the jury to disregard it, the error was harmless.

(5) and (6) Complaint is made that in its charge the court characterized the second defense as being that of contributory negligence only, while under the pleadings it should have been given a broader significance. The second defense in the answer is in effect a plea of contributory negligence. There is in it no denial of the alleged negligence of the defendant. That is contained in a separate defense. After alleging the negligence of the plaintiff which caused the injury, it says: "And so the defendant denies all right or claim of damages on the part of the plaintiff against it, by reason of the allegations contained in said amended petition." That is, notwithstanding the negligence charged in the amended petition, the plaintiff by reason of his own negligence is not entitled to recover.

The court said in its charge:

"Contributory negligence only ceases to be a defense if defendant could have avoided the injury by ordinary care."

There should have been added to this statement some such qualification as, "after the negligence of plaintiff had intervened." This no doubt is what the court meant to charge, but the qualification was omitted and the statement in the context was misleading and prejudicial.

The plaintiff introduced in evidence the ordinance of the city regulating the speed of cars, and there was testimony tending to prove that the defendant had exceeded the limit. The court charged that, "Such fact alone would not be such negligence on the part of the defendant as to render it, liable for said injuries to plaintiff unless you further find that such was the proximate cause of said injuries."

The ordinance does not fix a uniform rate of speed applicable to

all times and places. It must "not exceed fourteen miles per hour including stops." To reach the limit of the ordinance it is permissible to run a part of the time at a speed greater than fourteen miles per hour, in order to make up the time lost in stopping. The ordinance regulates the speed only to the extent that at the end of the run the car must not have exceeded the average of fourteen miles per hour. Whether the speed is excessive under the ordinance depends in some degree upon the conditions affecting the public safety at the particular time and place in question. It follows that whether the speed of the car at the given time and place was negligent, is always an open question, and that it exceeded fourteen miles per hour is not conclusive on the question of negligence, even though the speed of the car was the proximate cause of the injury. The proximate cause is not necessarily negligence. The charge was misleading and prejudicial.

It was not error to charge in effect that the motorman should have seen the plaintiff, if in the exercise of ordinary care he could have seen him in time to prevent the injury. Operating the car on the street at the time and place in question, the company had reason to anticipate the presence of the plaintiff on the track, and, therefore, owed him the duty to see, if in the use of ordinary care it could have seen him in time to avoid the collision. The rule in *Erie Ry.* v. *McCormick*, 69 Ohio St. 45 [68 N. E. Rep. 571] does not apply. In that case the company had the right to a clear track and had no reason to apprehend a collision with the defendant in error.

The court instructed the jury that, "A street railway company is bound to furnish and maintain safe cars and appliances, whether old or new, but the employment of the appliances which are in general and common use in cities of this country cannot be said to be negligent." And also that, "If such fender was at that time the best appliance defendant could, after due investigation, then procure, the defendant would not be liable." The measure of the duty of the company to the plaintiff in furnishing cars and appliances is ordinary care. In so far as the charge implies that the cars should be at least such as are in common use, and the fender the best that could be procured, it is confusing and misleading for, that it too nearly defines the duty of the company as a common carrier to its passengers, instead of to pedestrians. As to cars the court was not entitled, under the pleadings, to fix a standard and as to the fender the standard was too high. It should have been left to the jury to determine from the evidence what was ordinary care under the circumstances.

It was not error to charge, for the plaintiff in this case, the mod-

Railway v. Connor.

ified rule of ordinary care according to his years.   There is a presumption of law that an infant more than fourteen years of age is *sui juris* in the sense that he is chargeable with negligence, but the measure of his capacity in that regard is a question for the jury.

(7)   A party cannot be said to have had a fair trial when the jury is required to view the case through an atmosphere of passion and prejudice, excited by the conduct of counsel.   From the opening statement to the close of the argument that was the condition in the trial of this cause in the court below, as is disclosed by the record.   It would be difficult to find a case that more nearly approaches the ancient trial by battle.   The zeal of counsel on behalf of their client, which, decorously exerted is always commendable, no doubt, will explain much of the hot blood and bad temper that abound, but the modern standard of decorum and fair argument was flagrantly violated.   Whenever there is violent contention between counsel, the jurors are led to take sides because it is human to do so, the result being, that passion and prejudice find easy lodgment in their minds and vitiate their verdict.   The instances of misconduct are too numerous for recital in this opinion.

Pages 79, 148 and 1142 of the record evidence, and the parts of the argument designated by the numbers 20, 24, 25 and 30 in the motion for a new trial may be referred to as characteristic violation of the rule. It is not a sufficient excuse to say that there was provocation, and that opposing counsel were guilty of the same offense.   If theirs had been the verdict and that were found to be true, theirs would be the reversal. Charges of unprofessional conduct against opposing counsel should not be made in the trial of a cause, but in a proceeding instituted to inquire into the truth of the charges.   They should never be made to influence the verdict of a jury, or the judgment of a court.   There was prejudicial error in the conduct of counsel.

Except in so far as the foregoing particulars modify the trial court's view of the law of the case, we find no other error in the charge or refusal to charge.

We find no other error on the record.

We are moved to say that the record in this case is unnecessarily large.   It could be reduced to one-fourth of its present compass and still be certified to contain all the evidence.   The cross-examinations are extended beyond purpose or reason.

The judgment is reversed and the cause remanded for a new trial.

**Dustin** and **Sullivan, JJ.,** concur.